IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JASON NELSON, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-19-482 |
| OYEBODE KOMOLAFE, | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

Jason Nelson, a prisoner confined at Jessup Correctional Institution, brings this civil rights action against Defendant Officer Oyebode Komolafe for excessive force and refusing to make medical care available to him. Komolafe moves to dismiss the Complaint or for summary judgment to be granted in his favor. ECF No. 15. Nelson opposes the motion. ECF No. 22. The Court finds no need for a hearing. *See* Loc. R 105.6 (D. Md. 2018). For the reasons that follow, Defendant's motion, construed as one for summary judgment, is granted.

**I. Background**

The Court construes the facts most favorably to Nelson as the non-moving party. On May 14, 2018, Komolafe was escorting Nelson to his cell from the showers. According to Nelson, he exchanged words with Komolafe about wanting two meal trays, at which point Komolafe grabbed Nelson by his neck. When they reached Nelson's cell, Komolafe allegedly shoved him in with such force that Nelson hit his head on the side wall of the door frame. ECF No. 1 at 4-7. Nelson maintains that he asked to go to the medical unit but Komolafe refused and instead wrote a "bogus lying ticket" against him. *Id*. at 7. Nelson sought the assistance of other guards who likewise would not help him. *Id*. As relief, Nelson seeks $500,000 in punitive damages and for Komolafe to be fired. *Id* at 4.

In response, Komolafe submits a sworn declaration, verified copies of Nelson's prison and medical records and video surveillance footage from the incident. ECF No. 15. According to Komolafe, he escorted Nelson back to his cell by walking on Nelson's left side. Nelson pulled away, and so to avoid escalating the situation, Komolafe directed Nelson to go to his cell. *Id*. Nelson demanded that he be given the meal tray before he would go into the cell. Officer Appiah also directed Nelson order to lock-in his cell. Nelson backed away and started walking towards the stairs. Komolafe called for assistance because Nelson had defied the lock-in order, and other officers responded.

The surveillance video footage[1] shows Nelson and Komolafe walking up the stairs without incident. Nelson also can be seen taking a meal tray, but then walking back in the direction of the stairs. The footage next shows additional officers approaching Nelson and then his tripping into a box shaped object affixed to the wall. When Nelson righted himself, he walked to the cell door alongside Komolafe. At the cell entrance, Komolafe gave Nelson a push into the cell.

Nelson was escorted to the medical unit shortly after the incident. ECF No. 15-3 at 19. Nelson reported to the nurse who examined him that an officer had grabbed him by the neck. The nurse noted no wounds, neck stiffness, or difficulty swallowing and cleared Nelson to return to his housing unit. ECF No. 15-3 at 1. Photographs of Nelson also show no visible injury. ECF No. 20 at 2; ECF No. 15-4 at 2.

Immediately after the incident, Komolafe wrote a Notice of Inmate Rule Violation, charging Nelson with violating Rule 100 (engaging in a disruptive act); Rule 312 (interfering with performance of staff duties); Rule 400 (disobeying an order). ECF No. 15-3 at 12. Nelson testified

---

[1] The CD recording of the incident is separately filed and cannot be accessed through the CM-ECF electronic record. The recording is without audio and shows two camera views. One view depicts Nelson and Komolafe walking up the steps from the lower tier. The other view is of poor quality and briefly blurs at times. Counsel for Defendant has provided a court-ordered notice that confirms Nelson viewed the video on August 26, 2020. ECF Nos. 27, 28.

at his hearing on the charged rule violations. Nelson was found guilty of disobeying an order, but not guilty of the other charges. As a sanction, Nelson received ten days of cell restriction and loss of 10 diminution credits. *Id.* at 23-25.

## II. Standard of Review

Komolafe moves to dismiss the claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment to be granted in his favor. Because the parties have submitted evidence outside the four corners of the Complaint and have been given reasonable opportunity to present all pertinent material, the Court will treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted if the movant demonstrates that no genuine issue of disputed material fact exists, rendering the movant entitled to judgment as a matter of law. *See In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *See Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). Genuine disputes of material fact are not created "through mere speculation or the building of one inference upon another." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769

3

F.2d 213, 214 (4th Cir. 1985)). Factually unsupported claims and defenses may not proceed to trial. *Bouchat*, 346 F.3d at 526.

### III. Analysis

#### A. Eighth Amendment - Use of Excessive Force

Nelson principally alleges that Komolafe used excessive force when he grabbed Nelson by the neck and forced him into his cell. The Eighth Amendment to the United States Constitution proscribes punishments that involve "unnecessary and wanton infliction of pain." *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). To establish an Eighth Amendment violation, an inmate must demonstrate both that a prison official subjectively "acted with a sufficiently culpable state of mind" and that the injury or deprivation inflicted was objectively serious enough to constitute a violation. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).

To satisfy the objective requirement, a party claiming excessive force must demonstrate that the officer used a "nontrivial" amount of force. *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010). "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Id.* at 37 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). The subjective element requires an inmate to show that the officer used force "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Hudson,* 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). In evaluating this element, a court should consider "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any efforts made to temper the severity of a

4

forceful response." *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008) (quoting *Whitley*, 475 U.S. at 321) (internal quotation marks omitted).

When viewing the evidence most favorably to Nelson, no rational juror could conclude that Komolafe used force against Nelson maliciously, sadistically or for the purpose of causing harm. Even accepting that Komolafe laid hands on Nelson when pushing him into his cell, the force applied was proportionate to the circumstances. Nelson had just backed away from Komolafe and started to walk toward the stairs without an escort and in violation of Komolafe's order. ECF No. 15-2 at 1-2 ¶ 4. Additional officers had to respond to ensure that Nelson returned to his cell. The force used to secure Nelson in his cell cannot amount to an Eighth Amendment violation.

Nor can Nelson's wildly divergent allegations save his claim. For one, Nelson's contentions cannot be squared with the video evidence. *See Witt v. West Virginia State Police, Troop 2,* 633 F.3d 272, 276 (4th Cir.2011) ("when a video 'quite clearly contradicts the version of the story told by [the plaintiff]. . . so that no reasonable jury would believe it, a court should not adopt [the plaintiff's] version of the facts for purposes of ruling on a motion for summary judgment.' ") (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007)). Nor is Nelson's bald accusation that Komolafe "changed his story" during an internal investigation supported in the record.[2] ECF No. 22 at 4, 5. When viewed in total, and most favorably to Nelson, his version of events alone do not generate sufficient evidence that Komolafe's contact with Nelson constitutes excessive force.

**B.     Denial of Medical Care**

Nelson also contends that Komolafe denied him medical care in violation of the Eighth

---

[2] Nelson accuses Komolafe of making a false statement in connection with an internal investigation of the incident, but Nelson provides no detail regarding the nature of the purported false statement. ECF No. 15-3 at 4, 5.

5

Amendment. Denial of medical care constitutes an Eighth Amendment violation if the officer acts with "deliberate indifference" to an inmate's serious medical needs. *Estelle*, 429 U.S. at 104. To satisfy the deliberate indifference standard, a plaintiff must generate evidence (1) that the alleged deprivation is, objectively, sufficiently serious, and (2) that subjectively, the official acted with a sufficiently culpable state of mind. *See Scinto*, 841 F.3d at 225 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The objective prong requires demonstrating that the inmate suffers from an objectively serious medical condition. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). A serious medical need is one "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id*. (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)). As to the subjective prong, the inmate must show that the prison official knew about and disregarded "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

When viewing the record most favorably to Nelson, no evidence supports that he was suffering from any injury, let alone a "serious medical need." Nelson also received timely medical care; a trained medical provider examined Nelson and found nothing wrong with him. On this record, no reasonable trier of fact could conclude that Komolafe infringed upon Nelson's Eighth Amendment rights. Summary judgment is granted as to this claim.

    **C.    Remaining Claims**

Lastly, Nelson appears to contend that Komolafe filed false disciplinary charges against him as retaliation for lodging a formal complaint. Although a prisoner "has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), "there are exceptions to this rule." *Cole v. Holloway,* 631 Fed.Appx. 185, 186 (4th Cir. 2016)

(citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (holding that a disciplinary charge may be actionable under § 1983 if retaliatory)). To establish retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Importantly, "a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone." *Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir. 1983)). Moreover, where "no impairment of the plaintiff's rights" occurred, then no need exists "for the protection provided by a cause of action for retaliation . . . . [A] showing of adversity is essential to any retaliation claim." *ACLU of Md., Inc. v. Wicomico Cty, Md.*, 999 F.2d 780, 785 (4th Cir. 1993).

Nelson has failed to generate any evidence to support that Komolafe wrote a "bogus lying ticket" or that other officers wrote "false reports," at Komolafe's behest. *Cf. See Paine v. Baker*, 595 F.2d 197, 202 (4th Cir. 1979) (establishing right of prisoners to have false information removed from prison files). Nor is there any evidence that the disciplinary infractions written against Nelson were retaliatory. Thus, the claim must fail.

Alternatively, nothing in the record supports that Nelson received constitutionally inadequate process during the related disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). Where, as here, an inmate faces possible loss of diminution credits, the inmate must be afforded such due process protections as: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing conducted by an impartial decisionmaker where the inmate may call witnesses and present evidence (4) a written decision; and (5) the opportunity to have non-attorney representation when the inmate is illiterate or the

disciplinary hearing involves complex issues. *See Wolff*, 418 U.S. at 564-66, 592; *see also Baxter*, 425 U.S. at 322, n.5. The evidence demonstrates, and Nelson does not refute, that he was provided all process due. ECF No. 15-3 at 12-24.[3]

At the time of his disciplinary hearing, however, Nelson had not yet viewed the video footage of the incident despite his requests to do so. ECF No. 22 at 3; ECF No. 15-3 at 8, 20. Accordingly, Nelson's qualified constitutional right to review and present documentary evidence in his defense may be implicated from this denial. *See Wolff*, 418 U.S. at 566. As the United States Court of Appeals for the Fourth Circuit recently concluded, to "deny an inmate access to . . . video surveillance evidence," may entitle him to review of his claims by a "disinterested hearing officer" and not the same officials "involved in lodging the charge." *Lennear v. Wilson*, 937 F.3d 257, 268-70 (4th Cir. 2019). However, denying an inmate review of video footage may be considered harmless if the video "does not aid in his defense." *Lennear*, 937 F.3d at 277.

The footage here supports that Nelson walked away and thus disobeyed Komolafe's order to lock-in to his cell, the only disciplinary charge sustained against him. Accordingly, the Court concludes that to the extent Nelson was denied the opportunity to review this footage in advance of the disciplinary hearing, the denial is harmless. *Id.* at 277.

That said, the Court is concerned that Nelson had not been given the opportunity until recently to see the same video footage that was made available to the Court. Although on the present record, which includes the video footage, summary judgment is properly granted, the Court considers the video "newly discovered" as to Nelson. Thus, the Court will give Nelson the

---

[3] As for any potential substantive due process claim, the decision supporting Nelson's discipline was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Tyler v. Hooks*, 945 F. 3d 159, 171 (4th Cir. 2019) ("the 'some evidence' standard is extremely broad in scope and presents a very low burden for prison officials to meet."). Accordingly, such findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456.

opportunity to be heard on whether reconsideration of this decision is warranted. *See Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 411 (4th Cir. 2010) (reconsideration pursuant to Federal Rule of Civil Procedure 59(e) permitted where "new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice").

**IV. Conclusion**

For the foregoing reasons, Defendant's motion, construed as one for summary judgment is granted. Nelson may move to reconsider this decision based on his recent review of the video footage. A separate Order follows.

9/9/2020
Date

/S/
Paula Xinis
United States District Judge